**George HOM, Plaintiff–Appellant,**

v.

**Marc REUBINS, M.D., Defendant–Appellee.**

**Docket No. 01–7667.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2002.

George Hom, Westbury, NY, pro se.

Martin B. Adams, Esq., Kopff, Nardelli & Dopf, LLP, New York, NY, for appellee.

Present WALKER, Chief Judge, PARKER and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant George Hom, *pro se,* appeals from the March 12, 2001 judgment in favor of defendant and the April 18, 2001 denial of his motion for reconsideration entered by the United States District Court for the Eastern District of New York (Platt, *D.J.*).

In February 2000, Hom filed suit against defendant Marc C. Reubins, M.D., alleging, *inter alia,* that Reubins had engaged in a conspiracy to "impede and obstruct justice" in the then-pending state case of *Hom v. Reubins,* New York Supreme Court Index No. 97–032076, by offering false testimony and making deliberate efforts to deny plaintiff due process. Plaintiff's allegations against Reubins arise out of two state court actions: (1) a custody dispute in which defendant conducted court-ordered examinations of Hom, his children, and his former wife to determine the best interests of Hom's children; and (2) a subsequent state court action, *Hom v. Reubins,* New York Supreme Court Index No. 97–032076 ("*Hom v. Reubins* "), in which Hom asserted various claims against defendant, including the allegation that Reubins's actions in the custody dispute caused Hom to be deprived of his right to a fair trial.

Plaintiff's *pro se* federal complaint largely recounts the history of *Hom v. Reubins,* culminating in the claims that Reubins's actions caused significant damage to plaintiff and his family and that, due to the relationship between Reubins and the New York state government and the Nassau County judicial and political community, "it is apparent that [Hom] could never get justice in the Courtrooms of the State of New York."

The district court granted defendant's motion to dismiss on March 7, 2001, concluding that (1) the federal district court lacked subject matter jurisdiction under the *Rooker–Feldman* doctrine; (2) *Younger* abstention was appropriate; (3) principles of res judicata bar the suit; and (4) plaintiff had not alleged facts sufficient to establish that defendant was a state actor for purposes of § 1983. Judgment was entered against plaintiff on March 12, 2001; he thereafter filed a motion for reconsideration, which was denied April 18, 2001.

We review a district court's grant of a motion to dismiss for lack of subject mat-

ter jurisdiction *de novo.* *Rivers v. McLeod,* 252 F.3d 99, 101 (2d Cir.2001) (per curiam). Likewise, we review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001). For the following reasons, we affirm the district court's dismissal of plaintiff's complaint.

A generous reading of Hom's *pro se* complaint reveals two basic types of due process claims brought under 42 U.S.C. § 1983:(1) claims arising out of the custody dispute in which Reubins was appointed by the court to prepare a report; and (2) claims that Reubins engaged in various efforts to deprive plaintiff of due process during the pendency of *Hom v. Reubins.*

▮▮▮ Insofar as plaintiff's complaint states claims arising out of Reubins's actions in the state court custody proceeding, they are barred by the *Rooker–Feldman* doctrine, which establishes an important limitation on the subject matter jurisdiction of the district court. Stated simply, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *see Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under *Rooker–Feldman,* a federal court "lacks jurisdiction over any claims that are 'inextricably intertwined' with a state court's determinations in a judicial proceeding." *Hachamovitch v. DeBuono,* 159 F.3d 687, 694 (2d Cir.1998) (quoting *Feldman,* 460 U.S. at 482 n. 16, 103 S.Ct. 1303).

▮▮ We have interpreted "inextricably intertwined" to mean "at a minimum, that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding ... subsequent litigation of the claim will be barred under the *Rooker–Feldman* doctrine if it would be barred under the principles of preclusion." *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 199–200 (2d Cir.1996). Accordingly, under *Moccio,* the application of *Rooker–Feldman* turns on the question of whether collateral estoppel would apply, i.e., whether "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.1995) (applying New York law). We conclude that plaintiff's claims regarding Reubins's alleged misconduct in the state custody proceeding are inextricably intertwined with the state court case of *Hom v. Reubins,* and that the district court was therefore correct in concluding there is no federal subject matter jurisdiction with respect to those claims.

▮▮ In contrast, Hom's claims relating to Reubins's conduct during the pendency of the *Hom v. Reubins* proceedings were not previously litigated in state court and are therefore not barred under *Rooker–Feldman.* With respect to these allegations, however, plaintiff has failed to allege any facts to support a finding that Reubins engaged in state action as required under § 1983. *See Giordano v. City of New York,* 274 F.3d 740, 750 (2d Cir.2001) ("To state a cause of action under § 1983, [plaintiff] must allege (1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." (internal quotation marks omitted)). Although Hom claims that "Dr. Reubins is an officer of the court," he alleges no facts to support the conclusion that Reubins acted under color of state law in his capacity as a private-party defendant in *Hom v. Reu-*

*bins.* As such, Hom failed to state a claim under § 1983 arising out of the state court lawsuit and the district court's dismissal of those claims was proper.[1]

We have carefully considered plaintiff's remaining arguments and consider them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**1.** We note that the district court erred in granting defendant's motion to dismiss on *Younger* abstention grounds because there were no pending state court proceedings at the time of dismissal and plaintiff sought money damages. *See Rivers,* 252 F.3d at 101–02 ("[A]pplication of the *Younger* doctrine is inappropriate where the litigant seeks money damages for an alleged violation of § 1983."). However, given our conclusions with respect to the applicability of the *Rooker–Feldman* doctrine and plaintiff's failure to allege state action, the district court's error was harmless.